```
                   UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                          WESTERN DIVISION
```

MARLON DEAN, JAMES DEAN, AND
DANIEL ANDERSON                                              PLAINTIFFS

VERSUS                              CIVIL ACTION NO: 5:08-cv-157-DCB-JMR

PETER WALKER, INDIVIDUALLY AND
AS SHERIFF OF JEFFERSON COUNTY,
MISSISSIPPI; TERRY WARE AND GLYNN
HOLIDAY, INDIVIDUALLY AND AS
DEPUTY SHERIFFS OF JEFFERSON
COUNTY; JEFFERSON COUNTY, MISSISSIPPI;
BARRY WHITLOCK                                               DEFENDANTS

## **OPINION & ORDER**

This matter comes before the Court on the defendants' Motion to Alter or Amend [docket entry no. 56] this Court's December 18, 2009, Opinion and Order [docket entry no. 55]. Having carefully considered said Motion, Response thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

As described more fully in the December 18 Opinion, this action arises out of an automobile accident between the plaintiffs and Barry Whitlock, an escaped inmate from the Jefferson-Franklin Correctional Facility. The accident occurred while defendants Sheriff Peter Walker and Deputies Terry Ware and Glenn Holiday were pursuing Whitlock in an automobile chase. In its December 18 Order, this Court granted the defendants' Motion for Summary Judgment as to the plaintiffs' 42 U.S.C. § 1983 claim against Deputy Ware and Deputy Holiday in their individual capacities and

as to the plaintiffs' Mississippi Tort Claims Act ("MTCA") claim against Sheriff Walker, Deputy Ware, and Deputy Holiday in their individual capacities. The Court also granted summary judgment for defendants with respect to the plaintiffs' state law claims for supervisory liability and failure to maintain operational and functioning rescue equipment. Only two claims remain in the case: (1) a claim against Sheriff Walker in his official capacity pursuant to 42 U.S.C. § 1983; and (2) a state law claim under the MTCA against Jefferson County, Mississippi alleging that the officers, in their official capacity, acted in "reckless disregard of the safety and well-being" of the plaintiffs. Miss. Code Ann. § 11-46-9(1)(c).

The defendants now move this Court to reconsider or amend its denial of summary judgment as to the MTCA claim against Jefferson County, contending that the "public duty" doctrine relieves them of tort liability to the plaintiffs.[1] Although the defendants briefly discussed the issue in their original motion, this Court did not address it.

---

[1] Defendants do not move to alter or amend the judgment as to the § 1983 claims. [Docket entry no. 56 at 5 ("Sheriff Walker and Jefferson County therefore request that the state law claims against them be dismissed on the basis of immunity and the principles supporting the public duty doctrine.")] Accordingly, this Court addresses only the MTCA claim here. Moreover, while Sheriff Walker in his individual capacity joined Jefferson County in the instant motion, the only remaining claims under the MTCA are against the County and thus Sheriff Walker's joinder was unnecessary.

The Federal Rules do not explicitly recognize a motion for reconsideration. GuideOne Mut. Ins. Co. v. Rock, 2009 WL 2252204, at *2 (N.D. Miss. Jul. 28, 2009). Nonetheless, the Fifth Circuit has "held that a district court may entertain such a motion and treat it as a motion to alter or amend under Rule 59(e) or as a motion for relief from judgment under Rule 60(b)." Id. (citing Teal v. Eagle Fleet, Inc., 933 F.2d 341, 347 (5th Cir. 1991) (other citations omitted)). Rule 60(b)(1) provides that a Court may grant a party relief from an order where there was mistake or inadvertence. Fed. R. Civ. P. 60(b)(1). Inasmuch as the defendants raised the public duty doctrine, and the Court inadvertently did not address it, this Court will do so herein.

The defendants assert that Sheriff Walker did not owe a specific duty to the plaintiffs and thus Jefferson County cannot be held liable for the plaintiffs' injuries pursuant to the public duty doctrine. Under Mississippi law, "when the duty imposed upon an officer is one solely to the public, the failure to perform it, or an erroneous or negligent performance, is regarded as an injury to the public and not to an individual member of the public." Robinson v. Estate of Williams, 721 F.Supp. 806, 808 (S.D. Miss. 1989). Indeed, the public duty doctrine derives from the basic principle of tort law that "before an individual defendant may be found to be negligent, thereby entitling a plaintiff to recover from that defendant, the plaintiff must show the existence of a

3

legal duty owed by the defendant to the plaintiff." Gant v. Maness 786 So.2d 401, 405 (Miss. 2001) (citing J.C. Penney Co. v. Sumrall, 318 So.2d 829, 832 (Miss. 1975)). Accordingly, the public duty defense is not available where "the individual had in it such a direct and distinctive interest as to set him apart from all others of the public ...." Robinson, 721 F.Supp. at 808.

The plaintiffs suggest that the public duty doctrine is no longer viable in light of MTCA § 11-46-9(1)(c) which provides an exemption from immunity only when a police officer acts with "reckless disregard" to the safety of persons not engaged in criminal activity. The plaintiffs cite no authority for this proposition while the defendants counter that courts in several other states have held the public duty defense still available in actions against state agencies brought under a tort claims act. E.g., Raas v. State, 729 N.W.2d 444, 448 (Iowa 2007); McCormick v. Board County Com'rs, 35 P.3d 815 (Kan. 2001); Stone v. N.C. Dep't of Labor, 495 S.E.2d 711, 714 (N.C. 1998). The Court has not found any Mississippi cases specifically addressing the viability of the public duty doctrine following the adoption of the MTCA, although the Mississippi Court of Appeals has affirmed, in at least one instance, the dismissal of MTCA claims based on the defendant's assertion of the doctrine. Reid v. City of Canton, 858 So.2d 163, 168 (Miss. Ct. App. 2003). In any event, this Court need not decide this Mississippi law question here because whatever the

4

current viability of the public duty doctrine is, it is not applicable to Jeferson County under these facts.

The defendants cite Robinson, Gant, and McQueen v. Williams, 587 So.2d 918, 921-22 (Miss. 1991) for the proposition that "the duties of a Sheriff, his department, and the county itself, in dealing with inmates and their supervision, are public duties for which liability to an individual for damages caused by an inmate cannot lie." [Docket entry no. 56 at 2] Because this action arises out of Whitlock's escape from the Jefferson-Franklin Correctional Facility under the supervision of Sheriff Walker and Deputies Ware and Holiday, the defendants argue that those cases compel the dismissal of the MTCA claim against the County.

Defendants misread Robinson, Gant, and McQueen. Though those cases did involve injuries caused by escaped inmates to innocent bystanders as does the instant case, in none of those cases were the Sheriff or the deputies directly involved in the events that were the bases for the claims. In Robinson and McQueen, survivors of people who were murdered by escapees from the county jail sued the Sheriffs of those counties for wrongful death. In both cases, the Sheriff's only connection to the murders was his alleged negligence in allowing the prisoners to escape. Robinson, 721 F.Supp. at 807; McQueen, 587 So.2d at 918-919. In Gant, a motorist was injured in an automobile accident by an intoxicated inmate whom the Sheriff had permitted to leave the jail each day in order to

work. 786 So.2d at 403. The motorist then sued the Sheriff, whose only connection to the automobile accident was his alleged negligence in permitting the inmate to leave the jail. Accordingly, the Robinson, Gant, and McQueen courts held that the Sheriffs' general duties to the public were not sufficient to hold them liable for injuries to third parties with whom they had no personal contact.

By contrast, Sheriff Walker and Deputies Ware and Holiday were directly involved in the accident that allegedly injured the plaintiffs in that they were in pursuit of the escapee Whitlock when Whitlock's vehicle crashed into the plaintiffs' vehicle. Moreover, the plaintiffs allege that Whiclock crashed into their vehicle because Sheriff Walker's vehicle bumped Whitlock's vehicle. Under Mississippi law, it is the duty of all drivers "to take reasonably proper steps to avoid an accident or injury to persons and property ...." Shielder v. Taylor, 292 So.2d 155, 157 (Miss. 1974). Accordingly, Sheriff Walker and the two deputies did owe specific duties to the plaintiffs simply by virtue of the officers' operation of automobiles. Indeed, the facts of this case are analogous to City of Jackson v. Brister, 838 So.2d 274 (Miss. 2003), upon which the Court relied in its December 18 Opinion and Order. In Brister, the Mississippi Supreme Court upheld a verdict finding the City of Jackson liable for injuries to a bystander who was killed by a suspect's vehicle while the suspect was engaged in

an automobile chase with City police officers.  Though <u>Brister</u> did not discuss the public duty doctrine (presumably because the defendants did not raise it), the City could only have been liable in tort if its officers had a duty to the bystander.  Likewise here, Sheriff Walker and the deputies owed a duty to the plaintiffs as fellow drivers separate and apart from their general duties to the public arising from their positions as police officers.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Alter or Amend [docket entry no. 56] is **DENIED**.

**SO ORDERED** this 15th day of September 2010.

                                             s/ David Bramlette
                                             **UNITED STATES DISTRICT JUDGE**